(38 Misc. Rep. 176.)

### NICHOLS v. PARK.

(Supreme Court, Special Term, New York County. June, 1902.)

RIGHT OF DOWER—ACTION TO RECOVER.

A complaint alleged that plaintiff's husband in 1872, in order to defeat her inchoate right of dower, contracted in writing with one C. to purchase from him certain real property described, and that he took the title in the name of his brother, though he paid the consideration himself; that plaintiff obtained a divorce, whereupon her husband took the record title, and occupied the property until his death, in 1902, and shortly before that time conveyed the property to the defendant. Held to state a cause of action for an inchoate right of dower in said property.

Action by Georgiana Nichols against William G. Park. Demurrer to complaint overruled.

Alexander Thain, for plaintiff.
William H. Stockwell, for defendant.

FITZGERALD, J. The plaintiff and William B. Nichols were lawfully married about October 20, 1857. In February, 1872, William B. Nichols, the husband, contracted in writing to purchase from James E. Coburn the premises No. 16 East Seventy-Fourth street, in the city of New York; but for the purpose, as plaintiff claims, of preventing her inchoate right of dower from attaching, title in the first instance was taken in the name of the vendee's brother, John J. Nichols, notwithstanding that the full consideration was paid by the husband, who immediately entered into possession, and continued to occupy the premises from that time until his death, in January, 1902,—a period of 30 years. On or about September 3, 1877, a final judgment of divorce was entered in the supreme court of the state of Connecticut, for the county of Fairfield, in favor of the plaintiff and against William B. Nichols. About August 25, 1886, William B. Nichols took record title to the property, and in May, 1901, conveyed the same to Mary Ida Nichols, who some months thereafter transferred the premises to the defendant. These facts are set forth in the complaint, and defendant demurs to that pleading on the ground that it does not state facts sufficient to constitute a cause of action. In support of the demurrer, defendant cites the case of Phelps v. Phelps, 143 N. Y. 197, 38 N. E. 280, 25 L. R. A. 625, and claims that the precise question raised in the case at bar was decided against the plaintiff in that action. I have carefully considered the reasoning of the case relied upon, and am convinced that the facts in the pending action are capable of being distinguished in marked degree from the facts then before the court, and to which the principles therein enunciated were applied. In Phelps v. Phelps, supra, the conveyance was directly to a dummy, and, as the court said at page 200, 143 N. Y., page 281, 38 N. E., and 25 L. R. A. 625, the lands "were never conveyed, nor agreed to be conveyed, to him" (the husband), and again at page 201, 143 N. Y., page 281, 38 N. E., and 25 L. R. A. 625: "But unless he was actually seised, or unless he had such a seisin at law as would entitle him to its possession, it is difficult to see how his wife could claim that she ever gained any dower interest." By paragraph 3 of the complaint herein it is averred that "William B. Nichols contracted in writing with one James E. Coburn to purchase from said Coburn" the premises in question. This statement would fairly imply that upon payment of the agreed price the vendee might compel a specific performance by the vendor, and this was clearly such a seisin, in law, as would entitle him to its possession. "But if at the time of the transfer the husband has the right to be invested with the legal title, and is in a position to compel the conveyance of such title to himself, the right of dower attaches." Clybourn v. Railway Co., 4 Ill. App. 463. The husband, being in a position to possess himself of the property, sought, by the device of taking the title in another

name, to deprive his wife of her rights. The case is one which calls for the application of the maxim that "equity looks upon that as done which ought to be done." Demurrer overruled, with leave to defendant to answer within 20 days upon payment of costs.

Demurrer overruled, with leave to answer within 20 days upon payment of costs.