MARY CLYBOURN

v.

THE PITTSBURG, FORT WAYNE & CHICAGO RAILWAY COMPANY.

1. DOWER—IN WHAT ESTATE.—Where the husband holds land under a contract of purchase, and transfers such contract before he has complied with its terms, and before he is in a condition to compel a conveyance to himself of the land, by a bill for specific performance, his widow is not entitled to dower.    But if, at the time of the transfer, the husband has the right to be invested with the legal title, and is in a position to compel the conveyance of such title to himself, the right of dower attaches.

2. PURCHASE OF SCHOOL LANDS—WHEN ENTITLED TO PATENT.—Under the statute relating to the sale of school lands, the purchaser was entitled to a patent only on surrender of his certificate of purchase, and the execution and delivery to the commissioner of a mortgage as required. There being no evidence to show that appellant's husband, at any time before he parted with his interest in the land, had offered to surrender his certificate of purchase and tendered a mortgage, it follows that he was not in a position to compel a specific performance, and be invested with the legal title to the land, and no dower right attached.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding. Opinion filed November 5, 1879.

Messrs. SHUFELDT & WESTOVER, for appellant; that appellant's husband was entitled to be invested with the legal title to the lands, and the right of dower attached, cited The People v. The Auditor, 2 Scam. 567.

Mr. R. BIDDLE ROBERTS, for appellee; that no title passed by the sale to which dower would attach, cited Owen v. Robbins, 19 Ill. 545; Wooley v. Magie, 26 Ill. 526; Steele v. Magie, 48 Ill. 396; Taylor v. Kearn, 68 Ill. 339; Morse v. Thorsell, 78 Ill. 600.

BAILEY, P. J. In this case appellant, as the widow of Archibald Clybourn, deceased, filed her petition for the assignment of dower in lot 3, block 1, in the subdivision of school section 16, township 39, north, of range 14 east, in the city of Chicago. The evidence shows that the petitioner intermarried with Archibald Clybourn June 10, 1829, and remained his wife until his death, which occurred August 23, 1872. The land in question was conveyed by said Archibald Clybourn by deed dated May 25, 1835, to one Garret Bias, from whom, through *mesne* conveyances, the title has passed to the defendant. The petitioner joined with her husband in the deed to Bias, but owing to defects in the acknowledgment, the deed was inoperative as to her. The only question presented by the record for our consideration is, whether, at or before the execution of said deed, the petitioner's husband had such a legal or equitable

Clybourn v. P. Ft. W. & C. R. R. Co.

estate in said land as would entitle her to dower therein. The court below decided this question adversely to the petitioner and dismissed her petition.

The lot in question was a part of the school land granted by the United States to the State of Illinois, for the use of the inhabitants of the township in which the same was situated, and said Archibald Clybourn derived his title thereto by purchase from the School Commissioner of Cook County, at a public sale of the several tracts of land comprising said section sixteen, held on the twenty-fourth day of October, 1833. By the terms of said sale, the purchase money was payable in equal installments, in one, two and three years, with interest at ten per cent. per annum, payable in advance each year. Said lot was struck off to Clybourn for $151, who paid ten per cent. on said sum in advance, and executed his three promissory notes, secured by an endorser, due in one, two and three years each, for one-third of said purchase money, and received from the School Commissioner a certificate of purchase, which, by its terms, purported to entitle the purchaser to a patent for said lot from the State, when the whole amount of the principal and interest should be paid.

The record fails to show when or by whom payment of these notes was made; but it appears that on the second day of July, 1836, which was something more than a year after the execution of the deed to Bias, a patent for said land was issued to said Clybourn. As, however, the deed to Bias operated as an assignment to him of said certificate of purchase, and a conveyance of such equitable estate in said lot as was obtained by said Clybourn at said commissioner's sale, the patent subsequently issued to Clybourn could only inure to the benefit of his grantee.

The law undoubtedly is, that a widow can only be endowed of an estate of inheritance. If the husband is seized of an equitable estate merely, it must be such estate as would descend at his death to his heirs-at-law as real estate, instead of going to his personal representatives as a chattel interest or *chose in action*. In other words, it must be such equitable estate as would entitle the husband to be invested with the legal title.

When the husband holds land under a contract of purchase, and transfers such contract before he has complied with its terms, and before he is in a condition to compel a conveyance to himself of the land by a bill for a specific performance, the widow is not entitled to dower. If, however, the husband, at the time of the transfer, has a right to be invested with the legal title, and is in a position to compel the conveyance of such title to himself, the right of dower attaches.

Applying these principles to the present case, it is manifest that, if the petitioner's rights are to be determined solely by the terms of the certificate of purchase, no right of dower attached. By the terms of that instrument, Clybourn was not entitled to a patent investing him with the legal title, until the principal and interest of the purchase money should be paid in full; and the record fails to show such payment prior to the conveyance to Bias. It is insisted, however, that by force of the statute under which the school commissioner obtained authority to sell the school lands on credit, the purchaser became, notwithstanding the terms of the certificate of purchase, entitled to a patent conveying to him the legal title, the instant the sale was consummated.

The statute here referred to provided that, whenever the inhabitants of a township petitioning for the sale of the sixteenth section should be of opinion that their interest would be promoted by selling said section on a credit, they might represent the same in their petition; whereupon it should be the duty of the commissioner to sell such lands on a credit of one, two and three years, the purchaser giving a mortgage on the land and good personal security for the payment of the purchase money. 1 Adams & Durham's Real Estate Stat. 820.

It is insisted that this statute contemplated the immediate conveyance to the purchaser of the legal title, since in no other way could effect be given to the provision requiring the purchaser to secure the purchase money by mortgage on the land. In support of this view, we are referred to the case of The People v. The Auditor, 2 Scam. 567. That was a petition to the Supreme Court for a rule on the auditor of public accounts, requiring him to issue to the relator, who was

Clybourn v. P. Ft. W. & C. R. R. Co.

assignee of a certificate of purchase of lands sold at a school commissioner's sale, and who claimed to have paid the purchase money in full, a patent for such lands. It appearing that a patent had already been issued by the auditor to the original purchaser, prior to the assignment of the certificate, and prior to the payment of the purchase money, the petition was denied; the court holding that, under the statute, it was the duty of the auditor to issue the patent and forward the same to the commissioner for delivery to the purchaser imme. diately upon receiving the report of the sale, and that such duty was not affected by the recital in the certificate of purchase that a patent would issue on payment of the purchase money.

But, even applying this construction to the statute, the result contended for does not follow. The auditor, it is true, was required to issue the patent, and forward the same to the school commissioner on receiving the report of the sale; but the purchaser was entitled to receive it only on surrender of his certificate of purchase, and the execution and delivery to the commissioner of his mortgage. The true test is, could Clybourn, at any time before his conveyance to Bias, have compelled the delivery to himself of the patent, without the performance of any further act on his part? Had he brought his bill for a specific performance, he manifestly would have been obliged to aver and prove the tender of a mortgage, and an offer to surrender his certificate, to entitle himself to a decree. The record entirely fails to show that he did either. It follows that no right to be invested with the legal title is shown in Clybourn, nor any estate to which appellant's right of dower could attach.

The decree of the court below dismissing the bill is affirmed.

Decree affirmed.