PRATT, J., concurred.

Decree modified so as to divide the estate in seven parts, and that Jane Clenny have one part. Costs to all the parties out of the estate. Order to be settled by Justice BARNARD.

---

ALBERT HOWE, APPELLANT, v. THOMAS J. LEAREY, APPELLANT, IMPLEADED WITH JESSIE LEAREY, RESPONDENT.

*Foreclosure — examination before trial — when permitted — defense that the plaintiff and the husband of a woman are conspiring to defeat her dower.*

Thomas J. Learey, the husband of one Jessie Learey, bought certain premises which were, at the time, subject to mortgages thereon held by a bank. These mortgages were assigned by the bank to one Howe, who, upon the next day, began an action for their foreclosure.

Upon an application made in such action by Jessie Learey to examine, before answer, the plaintiff and her husband, her affidavit alleged that she was on bad terms with her husband; that he treated her cruelly and had endeavored to get her to sign a mortgage which would have cut off her right of dower; that the

plaintiff was a friend of her husband;, that the husband's money had paid for the said assignments, and that the plaintiff and her husband were conspiring to assert the validity of said mortgages, which in equity were satisfied, and thus cut off her inchoate right of dower.

*Held*, that the orders to examine the plaintiff and the husband were properly granted.

That if the facts alleged by Jessie Learey were proved they would amount to a defense to the action.

That, under the circumstances, the provisions of the Code relating to an examination before trial should be liberally construed.

APPEAL by the plaintiff Albert Howe from an order, entered in the office of the clerk of the county of Kings on the 22d day of May, 1891, denying a motion to vacate an order for his examination before trial; also an appeal by the defendant Thomas J. Learey, from an order entered in the same office, upon the same day, denying a similar motion to vacate an order for his examination before trial.

It was alleged in the complaint that an assignment from the Irving Savings Institution to the plaintiff of certain bonds and mortgages was recorded April 10, 1891; the complaint in foreclosure thereof being verified upon the same day, as appeared by affidavit of Jessie Leary, which further alleged that the plaintiff was a friend of her husband, and that the plaintiff and the defendant Thomas J. Learey were conspiring together to deprive the said Jessie Learey of her rights in the mortgaged premises.

*Thomas F. Donnelly*, for plaintiff, appellant.

*Fromme Brothers*, for defendant Thomas J. Learey, appellant.

*Arnoux, Ritch & Woodford*, for defendant Jessie Learey.

BARNARD, P. J.:

This action is brought to foreclose mortgages on real property owned by the defendant Thomas Learey. The mortgages were acquired by the plaintiff by assignment from the Irving Savings Institution. The mortgages were on the property when Learey bought. The defendant Jessie Learey obtained an order to examine the plaintiff and her husband. The order was obtained before answer. The affidavit upon which the order was granted was sufficient under section

872 of the Code, subdivision 4. No objection is made to the affidavit in any other respect than that no defense is proven to the action, and no sufficient facts and circumstances are established to justify an order for the examination. There is a defense shown, if true. Learey has conspired with the plaintiff to·assert the validity of the mortgages, which were acquired with Learey's money, for the purpose of cutting off the rights of his wife therein. If Howe merely holds the title to the mortgages by an assignment when the same are paid, in fact, by the owner of the title, it will make a defense on the trial if proven. The husband is on ill terms with his wife; treats her with cruelty; is attempting to obtain her signature to a mortgage to cut off her dower; while he is of substantial means, he supports his wife and children with great meagerness; he threatens to cut off his wife and children from his estate so far as permitted by law. These facts and circumstances are sufficient to justify the order. The wife is entitled to know the particulars of the transaction so as to frame her answer. The rigid rule that if a party do not actually know the facts which make the defense, no order to examine can be granted, would render the section of the case in question of little particular use. The section should have a broader scope. Where facts and circumstances are shown which justify an examination of a party so that a pleading may be framed for the trial of the issue, the order should be granted. The notice of the defense, and the facts and circumstances to show that an examination is material and necessary are sufficiently stated, and the order should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Order affirmed, with costs and disbursements.