SUSAN A. PHELPS, Respondent, *v.* JOHN W. PHELPS et al., Appellants.

The position of a wife, in respect to her husband's property, is limited by the Revised Statutes, and save as brought within those limitations she is without the right to assert any claim to it.

To entitle a wife to dower the husband must be seized either in fact or in law of a present freehold in the premises as well as an estate of inheritance.

Such a seizin cannot be predicated with respect to lands purchased with the moneys of the husband, but not conveyed or agreed to be conveyed to him.

Plaintiff's complaint alleged in substance that she was the wife of defendant, who, with intent to defraud her of her dower rights in his real estate, has purchased various pieces of land, the title to which he caused to be taken in the name of L. under a written agreement with the latter that defendant "should receive all the benefit of, and have control of said property ; " that defendant did exercise full possession and control of the same, and when sold, L., pursuant to the agreement, executed conveyances to *bona fide* purchasers having no notice of plaintiff's interest, defendant receiving the purchase money ; that all of the land so purchased except one piece had been thus sold and conveyed. Plaintiff asked for a judgment adjudging the proceeds of such sales to be " still real estate and that this plaintiff has an inchoate right of dower in the same," and that the piece unconveyed be adjudged subject to her right of dower. *Held,* that the complaint did not set forth a cause of action; and so, that the overruling of a demurrer thereto was error.

(Argued June 18, 1894 ; decided October 9, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 12, 1894, which affirmed an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Herbert T. Ketcham* for appellant. Seizin in the husband is the first essential of the right of dower. (Statute of Uses & Trusts, § 51.) The agreement and arrangement under which Lewis is alleged to have taken title did not vest any legal estate in the defendant Phelps. (*N. Y. D. D. Co.* v. *Stillman,* 30 N. Y. 174.) The complaint stigmatizes the transactions as fraudulent. This is mere *petitio principii* and cannot aid the discussion. (*Holmes* v. *Holmes,* 3 Paige, 363.)

*James D. Bell* for respondent. The novelty of the present action, if indeed it be without precedent, is no bar to its maintenance. ( *Youngs* v. *Carter,* 12 Hun, 194.) An action may be maintained in the lifetime of a husband to preserve and protect the wife's inchoate right of dower in his lands, and such right is a valuable and subsisting interest which will be protected by the courts. (*Simar* v. *Canaday,* 53 N. Y.

298; *Kursheedt* v. *U. D. S. Inst.*, 118 id. 364; *M. L. Ins. Co.* v. *Shipman*, 119 id. 330; *Youngs* v. *Carter*, 10 Hun, 194; 50 How. Pr. 410.) The fact that the paper title is not alleged to have been in the defendant Phelps is not a bar to the maintenance of this action. (*Hawley* v. *James*, 5 Paige, 318; *Giles* v. *Hutchinson*, 120 Mass. 27; *Crecelius* v. *Horst*, 11 Mo. App. 304; *Rabbitt* v. *Gaither*, 67 Md. 94; *Babcock* v. *Babcock*, 53 How. Pr. 97; *Youngs* v. *Carter*, 10 Hun, 194; *Johnston* v. *Spicer*, 107 N. Y. 185.)

GRAY, J. This is an action, in equity, brought by a wife to establish and to protect an inchoate right of dower in certain lands now held by, and in the name of, a third person; but which were paid for by the plaintiff's husband, and, also, to establish her dower right in the proceeds of the sale of certain other lands similarly purchased and held. Her complaint having been demurred to for insufficiency to state a cause of action, we must assume all its averments of material facts to be true. After alleging a marriage and the birth of children, she sets forth a separation between herself and her husband, caused by his neglect, wrong conduct and desertion. She alleges that since his desertion of her, with the intent and purpose of defrauding her of her dower rights in his real estate, her husband had purchased various pieces of land, and caused the title to be taken in the name of one Lewis, as a dummy in the transaction, under an agreement and arrangement with the said Lewis that the said defendant, (meaning her husband,) "should receive all the benefit of and have full control over said property, which agreement was in writing."

She alleges that her husband "retained and exercises full possession and control over the same" and that when he desired to dispose of any of the property, he would "under the agreement and arrangement with said Lewis present the deeds and papers to him, which said Lewis, under his agreement, was bound to execute;" that all of the property, with the exception of one piece, was thus disposed of by her husband "to *bona fide* purchasers, without notice of the dower

interest of this plaintiff," and that her husband "received the full amount of the purchase money paid for the same, for his own use and benefit." She then proceeds to describe the piece remaining unsold; which she alleges to have been conveyed by Lewis, at the request of her husband, without consideration, to the defendant Goodwin, a partner of her husband; "who was to hold the same under the same agreement that said Lewis had with her husband," and as to this property the plaintiff charges her husband to be the real owner. She prays for a decree, which will adjudge, because of these transactions and their fraudulent purpose, that the proceeds received by her husband upon the sale of any of this property "are still real property and that this plaintiff has an inchoate right of dower in the same;" that her husband be ordered to pay one-third of these proceeds into court, there to be held and invested etc. etc. and that as to the land held by Goodwin, it be adjudged to be subject to her inchoate right of dower etc. etc.

With this as a sufficient summary of the material facts of her complaint, we are confronted with a pretended cause of action, for which I am unable to find any sufficient basis in our Revised Statutes; to which we must look for the authority for the claim of a wife to be entitled to dower in lands. To entitle the wife to dower the husband must be seized, either in fact or in law, of a present freehold in the premises, as well as of an estate of inheritance. That proposition follows from the language of the section in the Revised Statutes, that "a widow shall be endowed of the third part of all the lands, whereof her husband was seized of an estate of inheritance at any time during the marriage."

How can seizin be predicated of the plaintiff's husband with respect to the lands purchased through the use of his moneys, but never conveyed, nor agreed to be conveyed, to him? The plaintiff, certainly, had no control over the use which her husband chose to make of his personal estate. That was his absolutely and she had no interest in it which she could assert; beyond a claim upon him for the support of herself and their

children.  He might have chosen to use it in the acquisition of any of the many kinds of personal property; without any right on the part of his wife to complain of, or to interfere in, his acts.  Instead of confining his use of his moneys to purchases of personal property; or instead of putting them into land and of taking title to himself, he has adopted methods set forth in this complaint for its use and they were effectual to prevent the vesting in him of any legal estate in the realty, although paid for with his moneys.  He, undoubtedly, intended to prevent his wife from acquiring any dower right in the real property, in the purchase and sale of which he was dealing through his friend; but, unless he was actually seized, or unless he had such a seizin at law as would entitle him to its possession, it is difficult to see how his wife could claim that she ever gained any dower interest.  Her complaint seems to concede that her husband acquired no legal title, unless through the agreement alleged to have existed between him and Lewis.  But that agreement is not one which could operate to vest in her husband any right to the actual possession of the property conveyed to Lewis.  The agreement is purely executory in its nature and, if not complied with by Lewis, would only have given to Phelps a cause of action in damages for its breach.  Taken at its strongest meaning, it cannot be said to import any grant by Lewis of any interest in the property to be acquired by him, through which a legal estate would arise in favor of Phelps.  It does not rise beyond the promise of Lewis that Phelps should have the full control and enjoyment of whatever real property he might become vested with the title to, under their arrangement.  Phelps' rights rested in the mere promise of Lewis.  It is manifest, from the statute, that, notwithstanding the consideration for the grant of the real property to Lewis was paid by Phelps, the title vested in the grantee, free of all claims; except the claim which creditors might have to assert that the transaction was fraudulent as to them.  (See §§ 51 and 52 of the article on Uses and Trusts.)  It is needless to argue that wives cannot come under that classification.

The position of a wife, with respect to her husband's property, is limited by the Revised Statutes, and unless she can bring herself within their limitations, she is without the right to assert any claim to it. Concededly, in this case, the husband was never seized of the property in question and the agreement set forth, and which is claimed to confer upon him its real ownership, could create no interest, or right to possession. If it were possible to assume a right in Phelps, based upon the agreement, to maintain an action for the re-conveyance by Lewis to himself of the lands, such an assumption clearly negatives any idea of the existence of a legal estate in Phelps. We may assume, as it is alleged, that he was to receive the benefits arising from the lands; but if there was a beneficial use, it must be united with a right to the possession (a right which is not alleged here), before we can perceive the existence of any estate, upon which a claim of dower may be impressed.

It is not pretended that any precedent exists in the decisions of the courts of this state for the maintenance of this action.

So far as my examination has gone, I am unable to find in the adjudged cases any support for the proposition that a right to dower can be asserted, except with respect to real property of which the husband was actually seized during his lifetime, or to the actual seizin of which he had a legal right. The cases referred to by the respondent's counsel in the reports of the courts of other states are inapplicable in the construction of the statutes of our own state. They may, or may not, turn upon the wording of particular statutes; and, however it may be, they cannot control when our own statutes are in question.

It results from my consideration of the case, that the order and judgment below should be reversed and that an order should be entered dismissing the complaint; with costs in all the courts to these appellants.

All concur, except ANDREWS, Ch. J., not sitting.

Ordered accordingly.