(37 Misc. Rep. 729.)

### POILLON v. POILLON et al.

(Supreme Court, Special Term, New York County. April, 1902.)

1. HUSBAND AND WIFE—CONVEYANCE IN FRAUD OF DOWER RIGHTS.
    Defendant separated from his wife, and willfully permitted the interest on a mortgage on land owned by him to remain unpaid, and incorporated a company in which he and persons of his own selection owned all the stock, and secured an assignment to the company of the mortgage, which was foreclosed in the name of the corporation, which bought in the property and mortgaged it to a third party. At all times the husband remained in possession of the premises, and in the enjoyment of the rent. *Held*, that the wife could maintain an action against the corporation to recover of her husband, as practically the sole stockholder, her inchoate right of dower, or damages instead, except as against the outstanding mortgage.

2. SAME—PLEADING.
    An objection that the wife did not appear and contest the foreclosure action must be raised by answer, and not by demurrer.

3. FRAUD—PLEADING.
    Where a complaint sets forth facts which necessarily show fraud, it is unnecessary that such acts be characterized as fraud.

Action by Frederica M. Poillon against John J. H. Poillon and others. Demurrer to complaint overruled.

Frederic B. McNish (Edward R. Finch, of counsel), for plaintiff.

Frayer, Smith, White & Seaman, for defendants Poillon and Liberty Realty Company.

John H. Servis, for defendant Bertha Tim.

LEVENTRITT, J. Demurrer to complaint. The plaintiff prays a decree that the inchoate right of dower of which her husband, one of the defendants, fraudulently sought to deprive her, attach to certain premises. The complaint shows the following state of facts: In April, 1898, the husband became the owner by purchase of the premises in question, subject to a mortgage for $27,000. The equity in the property at that time is alleged to have been upwards of $15,000.

Shortly thereafter husband and wife, as a result of marital difficulties, separated from bed and board and have since lived apart. It is claimed by the plaintiff that her husband, being evilly disposed towards her, maliciously and willfully plotted and conspired to devest her of her inchoate right of dower in the premises by collusion and conspiracy with the holder of the mortgage and others. Although possessed of ample means, the husband permitted the interest on the mortgage to remain unpaid, and diverted to other purposes the rents and profits, which were more than sufficient to pay it. It is thereupon alleged that, in order the better to carry out his plans, the husband caused to be incorporated under the laws of this state a corporation, which is the defendant Liberty Realty Company. The incorporators were three clerks in the office of the attorneys for, and legal advisers of, the husband, and the corporation's principal place of business was located in the offices of these attorneys. Immediately after the completion of the incorporation, the husband caused the clerks to assign the majority of the stock of the Liberty Realty Company to him, and the balance to members of the firm of lawyers who were his counsel. The husband had himself elected president of the corporation, and acquired and retained the absolute control of, and the entire beneficial interest in, the corporate affairs. Thereafter one of the said firm of lawyers, acting for the husband and the Liberty Realty Company, secured to himself the assignment of the mortgage. Thereafter, by an instrument duly executed and recorded, the lawyer assigned the mortgage to the Liberty Realty Company. The complaint then proceeds:

"That thereafter, and in pursuance of the said plan, and willfully and maliciously conspiring and contriving to devest, cut off, and destroy the inchoate right of dower of the plaintiff, * * * the said John J. H. Poillon, acting through and in collusion with the said Liberty Realty Company, which he owned and controlled, caused his said legal advisers, * * * as attorneys, to commence an action in the name of the said Liberty Realty Company against himself and this plaintiff * * * to foreclose the said mortgage on the said property."

The husband appeared in the action, but waived service of all papers, except notice of sale and proceedings for surplus moneys. The usual judgment of foreclosure and sale was entered, and pursuant thereto the property was sold at public auction, and bid in at the sum of $29,000 by the said attorneys, acting "for the said John J. H. Poillon, in the name of the said Liberty Realty Company, which he owned and controlled." The usual deed was given, and thereafter the husband, "acting through and in the name of the said Liberty Realty Company," placed a mortgage on the premises in the sum of $23,000. The concluding allegations of the complaint aver that the husband is in full possession of the premises, has never been out of possession, and has always been, and now is, in receipt of all the rents and profits thereof. Judgment is prayed that the plaintiff's right of dower may be decreed to attach to the premises, subject only to the mortgage of $23,000, and that she recover from the defendants Poillon (her husband) and the Liberty Realty Company damages for the loss of her dower interest in the premises.

In my opinion, the complaint states a cause of action. The plaintiff is in equity, which has always been at pains to guard preciously the wife's rights in the real property of her husband, and which has on more than one occasion searched the resources at its command to nullify even the adroitest attempt at circumventing one who is peculiarly in the care of the law, and its favorite. Despite some dicta in the earlier cases to the contrary (Moore v. Mayor, 8 N. Y. 110, 59 Am. Dec. 473), it is the settled law of this state that the wife's inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end (Simar v. Canaday, 53 N. Y. 304, 13 Am. Rep. 523). In Mills v. Van Voorhies, 20 N. Y. 412, referred to with approval in the case last cited, the court goes so far as to say, "The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow." Page 420. And most recently the court of appeals has restated the rule thus: "The inchoate right of dower is a valuable, subsisting, separate, and distinct interest, which is entitled to protection, and for which the wife may maintain a separate action." Clifford v. Kampfe, 147 N. Y. 383, 386, 42 N. E. 1. So far have the courts gone in extending protection, that it has been held to be a fraud upon the rights of the future wife, and for which she shall have her action, for the husband, before marriage, to devest himself of his real property for the purpose of cutting off the wife's future dower rights. Youngs v. Carter, 10 Hun, 194; Thayer v. Thayer, 14 Vt. 107, 39 Am. Dec. 211. In Douglas v. Douglas, 11 Hun, 406, it was decided that a wife had an action in equity where a husband fraudulently induced her to join in a conveyance of certain real estate, to be given in exchange for other real estate, by representing that she would obtain the same right of dower in the latter as she had in what was conveyed, and where the husband then fraudulently caused the land to be conveyed to his sister. In that case a resulting trust was declared in favor of the wife to the extent of the value of the inchoate dower right. While this was done under certain provisions of the Revised Statutes, the principles underlying that case and this are quite similar, and the language of Davis, P. J., may well be quoted as expressive of my own view:

"If, upon such a state of facts, there can be no relief either at law or in equity for the plaintiff, then a wife's inchoate right of dower, which the courts adjudge to be valuable property, is rendered valueless by reason of the inefficiency of the courts of justice." Page 409.

In Howe v. Learey, 62 Hun, 240, 16 N. Y. Supp. 736, on facts much similar to those at bar, it was held to be a good defense on the part of the wife, in an action to foreclose a mortgage, to set up that the husband was conspiring with the plaintiff to assert, for the purpose of cutting off the wife's dower rights, the validity of certain mortgages which had been acquired with his money.

Under these authorities there is little doubt that, had the plaintiff been apprised of the facts, she would have had a perfect defense to the action of foreclosure, and that the attempt thereby made to cut off her right of dower would have failed. Is it too late for her to assert her rights now? I think not. It does not appear affirmatively from the complaint that she had knowledge of the collusion and con-

spiracy, nor is there any allegation from which the inference or of which the intendment is necessary that she did or must have had knowledge. Granting that such knowledge would have been sufficient to defeat her action, on the theory that she has slept on her rights during her day in court, the objection would still have to be pleaded by answer, and is unavailable on this demurrer. The facts which must here be taken as true show that the husband has attempted to destroy the wife's right of dower through what may perhaps be called a purely colorable incorporation. Behind the thin screen of technical compliance with legal forms an unchanged substance appears. The husband has throughout remained in possession of the premises, has received the entire rents and profits, and no change has taken place since, or by virtue of the incorporation. To all intents and purposes, the husband is the corporation. He holds all the shares, barring the nominal holdings of his dummies. No rights of creditors or third parties have intervened, except the lien of the new mortgage, which the plaintiff explicitly recognizes. The shares are all in the hands of those who devised the scheme to destroy the wife's right of dower, and who, of course, had full knowledge of the facts. Under these circumstances, the fiction of corporate entity, as something apart from its shareholders, may well be disregarded; its existence may be ignored, and, because equity requires it, the stockholders may be treated as the corporation. In Anthony v. Glucose Co., 146 N. Y. 407, 41 N. E. 23, the court of appeals says, speaking in a corporation case:

"The defense is not meritorious. It is simply an attempt to substitute circuity of action for direct responsibility, and requires us to blind our eyes with the theoretical abstraction so as to shut out the obvious and undoubted truth. We have of late refused to be always and utterly trammeled by the logic derived from corporate existence, where it only serves to distort or hide the truth."

I am disposed to apply this principle to the case at bar, treat the shareholders as the corporation, reject the holdings of the dummies, and treat practically the sole shareholder, the husband,—what the complaint in fact alleges him to be,—as the continuing owner of this property. Thus will equity be done.

There is no force to the objection that the complaint does not characterize the fraud in terms. The facts are set forth, and fraud is the necessary consequence of the acts alleged. Under these circumstances, characterization is unnecessary. Warren v. Bank, 157 N. Y. 259, 273, 51 N. E. 1036, 43 L. R. A. 256, 68 Am. St. Rep. 777. The demurrer is overruled, with costs, with leave to plead over.

Demurrer overruled, with costs, with leave to plead over.