### POILLON v. POILLON et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. DOWER—INCHOATE RIGHT—SEISIN OF HUSBAND—CORPORATION—HUSBAND AS SOLE STOCKHOLDER.

Though a husband owns all the stock of a corporation, seised in fee of land, his wife has no inchoate dower rights therein.

2. SAME—CORPORATION AS MORTGAGEE—FORECLOSURE OF MORTGAGE—FRAUD—ATTACK ON FORECLOSURE.

A husband caused the formation of a corporation, in which he owned substantially all the stock, and the corporation purchased and foreclosed a mortgage on land owned by him, his wife being made a party to the foreclosure. Subsequently she sued for a decree declaring her to have an inchoate right of dower in the land. *Held*, that she could not maintain

85 N.Y.S.—44

the suit on the theory that the purchase, foreclosure, and concealment of the husband's relationship to the corporation had been fraudulent, and for the purpose of cutting off her dower rights, since such objection should have been presented as a defense to the foreclosure suit, or by motion to open the judgment in foreclosure.

**8. SAME—VALIDITY OF FORECLOSURE—RES JUDICATA.**
The complaint in foreclosure having alleged the assignment of the mortgage to the corporation, and its ownership thereby, the wife could not maintain her suit on the theory that the purchase of the mortgage by the corporation was in fact a purchase by the husband, constituting in effect a merger in his title, so that there had been no disseisin.
Patterson and O'Brien, JJ., dissenting.

Appeal from Special Term, New York County.

Suit by Frederica M. Poillon against John J. H. Poillon and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

See 76 N. Y. Supp. 488.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Eugene Frayer, for appellants.
Robert B. Honeyman, for respondent.

LAUGHLIN, J. This is a suit in equity to have it adjudicated that the plaintiff has an inchoate right of dower in certain real property situated in the county of New York, the record title to which is in the Liberty Realty Company. The plaintiff is the wife of the appellant Poillon. He purchased and obtained a conveyance of the premises in question on the 11th day of April, 1898, subject to a mortgage thereon for $27,000, which had been given by his grantor; but he did not assume or agree to pay the mortgage. Difficulties arose between the plaintiff and her husband, and they executed a separation agreement on the 1st day of May, 1898, and thereafter lived separate and apart. At this time the husband owned considerable real estate, and encountered difficulty in obtaining the execution by the plaintiff of papers concerning the transfer of the same. She exacted what he regarded as an unreasonable sum of money as a condition of joining in a conveyance of a particular tract of land, and the facts tend to support his opinion in that regard. In these circumstances he deemed it unwise to invest further in real estate in his own name. He consulted attorneys, with the result that at his suggestion they organized and incorporated the appellant company on the 28th day of February or 1st day of March, 1899, the incorporators being two clerks in the office of his attorneys, and another, who was or had been connected with their office. The capital stock was 1,000 shares of the par value of $10 each. One of the subscribers subscribed for 990 shares, and each of the others for 5 shares. The subscribers were designated in the certificate as the directors for the first year. On the 1st day of May, 1899, 993 shares of the capital stock were issued, but none of these was issued to the plaintiff's husband. · One of the original certificates was issued to Henry White, one of the appellant Poillon's attorneys, for 990 shares; and on the same day it was assigned by an indorsement on the cer-

tificate to the appellant Poillon, but the assignment was not de-
livered until the 20th day of December, 1900, on which day this cer-
tificate was surrendered, together with 2 other shares, which had
also been assigned to him, and a new certificate was issued to him
for 998 shares.   Prior to that time he was not a stockholder, director,
or officer of the corporation.   At this time the two remaining shares
were surrendered up, and two new certificates, each for one share,
were assigned to John E. Poillon and Samuel M. Johnson, respective-
ly, at the request of appellant Poillon, and it appears that they held
them as matter of favor to him without paying any consideration
therefor.   Upon the incorporation of the company Poillon advanced
cash to pay the stock subscriptions, and he thereafter further ad-
vanced large sums to the company.   The mortgage subject to which
the appellant Poillon took title was assigned to his attorney by an
assignment dated the 15th day of May, 1899, and by the latter as-
signed to the appellant company on the 5th day of June thereafter.
The consideration for the assignments was paid by a check of the
realty company dated the 27th day of May to the order of the at-
torney, who indorsed it to the attorney representing the mortgagee,
and it was paid on the 5th day of June, 1899.   On the 15th of the
same month the realty company commenced an action to foreclose
the mortgage, making the plaintiff and her husband parties defend-
ant.   She appeared and served an answer putting in issue, among
other things, the allegations as to the purchase and ownership of the
mortgage by the realty company.   She subsequently withdrew her
answer upon the stipulation by the attorneys for the plaintiff that
they would not ask for costs against her.   Judgment of foreclosure
and sale was thereafter duly entered in the action on the 5th day of
October, 1899, foreclosing the plaintiff and her husband of all right,
title, and interest and equity of redemption in the property, and con-
taining the usual provision that any party to the action would be
at liberty to purchase.   At the sale, which took place on the 27th
day of October, 1899, the premises were purchased by the realty
company for less than the amount of the judgment.   It appears that
the company had no intention of purchasing the property at the time
foreclosure action was commenced, provided it sold for enough to
pay the mortgage, and its attorney who bid in the property was au-
thorized to bid only a little more than sufficient to cover the mort-
gage.   The company obtained the referee's deed on the 2d day of
November, 1899.   This action was commenced on the 5th day of
October, 1901.   The plaintiff alleges neither fraud nor mistake with
respect to her withdrawal from the foreclosure action, nor does she
ask to have the foreclosure judgment either vacated or opened up.
The plaintiff does not show that she was not aware of all the facts
at the time she withdrew from the foreclosure action.   The proceed-
ings in the foreclosure action, including the judgment, therefore, so
far as this action is concerned, must be given force and effect, unless
they may be disregarded upon the theory that they are null and void.

So far as the plaintiff's claim to dower rests upon the purchase of
the premises by the realty company at the foreclosure sale, regard-
less of the former ownership by her husband, it is clear that it is un-

tenable. If we could disregard the fact that the legal title to two shares of the corporate stock is in others, and go upon the assumption that the appellant Poillon is the owner of all the capital stock of the corporation, and ignore the further fact that rights of creditors of the corporation have intervened, although their claims are not liens upon the land, still seisin of the title in the corporation is not seisin in him, to which the inchoate right of dower could attach. The principle of law is well settled that there must be actual seisin in the husband to entitle the wife to dower. Phelps v. Phelps, 143 N. Y. 197, 38 N. E. 280, 25 L. R. A. 625; Nichols v. Parks, 78 App. Div. 95, 79 N. Y. Supp. 547.

If the plaintiff's theory be that her husband procured the purchase of the mortgage by the realty company with the fraudulent intent of having the same foreclosed and cutting off her right of dower, and concealing from her knowledge of the fact that he was the owner of substantially all the capital stock of the corporation, that should have been presented as a defense to the foreclosure action, and, its sufficiency as a defense could then have been determined. If she was not aware of the facts at the time of the foreclosure her remedy would be by a motion to open the judgment and allow her to defend. If the judgment itself was procured by fraud, she might have it set aside upon clear and satisfactory proof of the facts constituting the fraud; but, as has been seen, she has prayed for no such relief in this action.

If the plaintiff's theory be that her husband was once seised of these premises, and that he never has been disseised, still we think she cannot succeed, because that would require us to ignore the judgment of foreclosure, or treat it as a nullity. With that judgment standing, we think she cannot successfully maintain that the purchase of the mortgage by the realty company was in fact a purchase by her husband, and that, therefore, it merged in his title, and there was no mortgage that could be foreclosed, and consequently, that there has never been a disseisin. The complaint in foreclosure alleged that the mortgage had been assigned to and was owned by the realty company, and the decree so adjudges. The plaintiff was a party, and voluntarily withdrew from the action. The judgment, of course, is as binding upon her as if she remained in to the end. Any claim that she may now make that the realty company did not own the mortgage is inconsistent with the fact adjudicated in that action.

The learned counsel for the plaintiff relies principally upon the cases of Munroe v. Crouse, 59 Hun, 248, 12 N. Y. Supp. 815, and Howe v. Learey, 62 Hun, 240, 16 N. Y. Supp. 736. In the former the defendants Crouse and Everson purchased premises subject to an inchoate right of dower, and subject also to a mortgage which they assumed and agreed to pay. They thereby became the primary debtors of the mortgage debt, and held the premises as trustees for the owner of the inchoate right of dower. They failed to pay the mortgage debt, and suffered a foreclosure for the purpose of barring the dower right, and then became the purchasers at the foreclosure sale. It was held that, upon the dower becoming choate, a direct action would lie for the admeasurement thereof. This decision was evidently

reached by an application of the principle that a trustee cannot bid at his own sale, and that, therefore, they being the purchasers, the right of dower was not cut off by the judgment.   In the latter case the husband acquired premises subject to an outstanding mortgage, which was transferred to a friend of his, who instituted an action of foreclosure.   The wife, before answer, applied for the examination of the plaintiff and her husband, claiming that the mortgage was in fact paid by her husband, but that the plaintiff and her husband had conspired to assert its validity for the purpose of cutting off her dower. The court merely held that this constituted a defense and justified the order for the examination.   The distinction between that case and this is that there the wife was asserting her defense in the foreclosure action, and it also appeared there that the husband, subsequent to his purchase, had given a bond for the payment of the mortgage debt.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.   PATTERSON, J., dissents.

O'BRIEN, J.   I dissent, thinking the case was properly disposed of at the Special Term, and for the reasons stated in the opinion in 37 Misc. Rep. 729, 76 N. Y. Supp. 488.