PURDY v. PURDY et al.

(Supreme Court, Special Term, New York County. May 3, 1916.)

1. DOWER ⬥7—TITLE OR SEISIN OF HUSBAND.

To entitle a wife to dower, the husband must be seised either in fact or in law of a present freehold in the premises, as well as of an estate of inheritance.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 10, 11, 14, 16, 19; Dec. Dig. ⬥7.]

2. PLEADING ⬥345(1)—ACTION TO RECOVER DOWER.

In an action to recover dower in lands of her deceased husband, where the pleadings did not allege that any trust therein existed in favor of the

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

decedent, and where it appeared that he had neither the actual seisin of the property nor a legal right to actual seisin during coverture, the defendant's motion for judgment on the pleadings would be granted. ·

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055, 1057–1059; Dec. Dig. ☞345(1).]

3. DOWER ☞72—ACTION—COLLATERAL CLAIM.

In a wife's action to establish her dower in lands of her deceased husband, an agreement set up by the answer of a defendant between herself and the deceased, whereby, in consideration of certain services alleged to have been rendered by defendant to the deceased, he was to leave her whatever interest he was entitled to in the premises at the time of his death, could not be enforced; the remedy being by an action to recover damages for breach of the contract, if any.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 252–255; Dec. Dig. ☞72.]

Action by Lydia M. Purdy against Elvira Purdy and others. Defendants' motion for judgment on the pleadings granted.

Robert S. Conklin, of New York City, for plaintiff.
George H. Corey, of New York City, for defendant Purdy.
H. A. Vieu, of New York City, for defendants Mapes and Daly.

NEWBURGER, J. Motion for judgment on the pleadings. The complaint alleges: That the plaintiff is the widow of Elijah F. Purdy, who died on the 8th day of November, 1914, intestate, and that letters of administration were granted to plaintiff. That said Elijah F. Purdy died seised and possessed of certain real estate in the borough of Manhattan. That on information and belief said seisin and possession existed by reason of the following: That prior to the year 1868 Elijah Purdy, the father of the said Elijah F. Purdy, plaintiff's deceased husband, died seised and possessed of certain parcels of real estate. That thereupon the said Elijah F. Purdy and his sister, the defendant Elvira Purdy, became possessed of an interest therein as heirs of their father. That on the 19th day of December, 1868, the defendant Elvira Purdy commenced an action for the partition of the property of Elijah Purdy. That while said action was pending, and on or about October 5, 1869, the said Elijah F. Purdy conveyed to the defendant Elvira Purdy all his right, title, and interest in the real estate of Elijah Purdy, deceased, which deed was recorded in Liber 1114 of Conveyances, page 537, on December 27, 1869. That said conveyance was without consideration, as the said Elijah F. Purdy did not desire to hold any real property in his name, but desired said property to be held in trust by his sister for his benefit. That subsequently a decree was entered in said partition ·suit in which it was adjudged that said Elvira Purdy was the owner of one-seventh of said real estate as an heir and one-seventh as grantee of her brother. That the said property was sold by the referee appointed for that purpose to one Jacob Miles, who subsequently conveyed the same to Elvira Purdy. The complaint further alleges: That, although the referee's report recites that said parcels were sold for a certain sum of money and the deed from Miles to Elvira Purdy

recites a consideration, no money really passed, the said conveyances being a matter of form. That the said Elvira Purdy took said parcel in furtherance of the scheme to hold same for the benefit of Elijah F. Purdy. That he did receive the income of the property during his lifetime and was recognized as the owner by Elvira Purdy.

The answer of the defendant Elvira Purdy admits the source of her title, but denies the existence of a trust in favor of her brother, and alleges that the plaintiff did not marry her brother until many years after the conveyance to the defendant; that the said Elijah F. Purdy appeared in the partition suit, and that the final decree was entered on the 23d day of May, 1871, approving the referee's report of sale and ordering a distribution of the proceeds of the sale. The answer further alleges that the defendant Elvira Purdy never executed any instrument whereby any interest in the deceased husband of the plaintiff was created or conveyed. By order of the court the plaintiff served a reply, wherein she admits that she was not married to her deceased husband until long after he had conveyed his interest in his father's estate to his sister. As to the partition suit, she denies that she has any knowledge or information sufficient to form a belief, and denies that it was adjudged that Elvira Purdy owned the two-sevenths interest in her father's estate in her own right, and avers that she has no knowledge or information sufficient to form a belief as to the allegation that defendant never executed a writing whereby was created or conveyed any interest in Elijah F. Purdy in the premises.

The answer of Jennie A. Mapes, after reaffirming the allegations of the complaint, alleges an agreement between herself and the deceased husband of the plaintiff whereby, in consideration of certain services alleged to have been rendered by said Mapes to the said Elijah F. Purdy, he agreed to leave to her whatever interest he was seised and entitled to in the premises at the time of his death, and asking that it be decreed that she is entitled to the premises in question. It will thus be seen that the plaintiff claims dower in certain lands owned by her deceased husband prior to his marriage to her.

[1, 2] To entitle the wife to dower the husband must be seised either in fact or in law of a present freehold in the premises, as well as of an estate of inheritance. As was said by Mr. Justice Gray in Phelps v. Phelps, 143 N. Y. at page 202, 38 N. E. 281, 25 L. R. A. 625:

"The position of a wife, with respect to her husband's property, is limited by the Revised Statutes, and unless she can bring herself within their limitations she is without the right to assert any claim to it. Concededly, in this case, the husband was never seised of the property in question and the agreement set forth, and which is claimed to confer upon him its real ownership, could create no interest, or right to possession. If it were possible to assume a right in Phelps, based upon the agreement, to maintain an action for the reconveyance by Lewis to himself of the lands, such an assumption clearly negatives any idea of the existence of a legal estate in Phelps. We may assume, as it is alleged, that he was to receive the benefits arising from the lands; but if there was a beneficial use, it must be united with a right to the possession (a right which is not alleged here), before we can perceive the existence of any estate upon which a claim of dower may be impressed."

See, also, Nichols v. Park, 78 App. Div. 95, 79 N. Y. Supp. 547; Real Property Law (Consol. Laws, c. 50) § 190.

The case of Lugar v. Lugar, 160 App. Div. 807, 146 N. Y. Supp. 37, is cited and relied on by plaintiff. In that case Livermore, in whose name title was taken orally, agreed to hold the same for the benefit of the parties that might be named by Lugar in his will. On the trial of the action Livermore appeared, and the trial court passed upon the amounts received and disbursed by Livermore, and the court decreed that Livermore held the premises in trust pursuant to agreement, and, upon his being reimbursed for advances made by him, that he convey the premises to the parties named in the will; and Mr. Justice Hotchkiss said, at page 809 of 160 App. Div., at page 39 of 146 N. Y. Supp.:

"Inasmuch as Livermore does not appeal, it must be presumed that he does not dispute the alleged trust agreement, and that he never has disputed it; the latter presumption being strengthened by the fact that the findings of the trial court show that in the course of his administration he has collected upwards of $33,000 from rents, and has paid to the defendant Marion and her deceased mother, Mary, upwards of $7,500 and to the plaintiff and her deceased father, Charles, upwards of $4,500. Conceding for the argument that the oral agreement was void to the extent that no trust resulted in favor of Henry or his heirs or devisees (3 R. S. [5th Ed.] p. 15, § 51; 1 R. S. pt. 2, c. 1, tit. 2, art. 2, p. 728, § 51), nevertheless I know of no law which prevented Livermore from treating it as valid and accepting and performing its duties, and when he has come into court, and has given his express consent to recognize and adopt the agreement, has accounted for the moneys coming into his hands, and has failed to appeal from the court's decree charging him with a trust, passing his accounts, establishing his equities and the equities of those interested in the land or its net proceeds, and directing him to convey to the owners of the fee, on proper tender made, it seems to me that we have the relations of the parties from the day of the deed to this date as firmly and solemnly established as they could have been had they been expressed by formal instrument executed cotemporaneously with the deed. So expressed, the instrument would have been enforceable."

It will be thus seen that the conduct of the trustee in Lugar v. Lugar was entirely different from the situation presented in this case. There is absolutely no allegation in the complaint herein that would warrant this court in assuming that a trust existed in favor of plaintiff's deceased husband, and it is clear that he had neither the actual seisin of this property nor a legal right to actual seisin during coverture.

[3] As to the answer interposed by the defendant Jennie A. Mapes, if there was such an agreement between her and Elijah F. Purdy, as she alleges, she has her remedy by an action to recover damages for a breach of contract. It cannot be enforced in this action.

The motion must be granted. Settle order on notice.