## SPAULDING *v.* SPAULDING ET AL.

*Dower — Lands acquired after divorce — Evidence — Divorce decree of another state.*

1. A wife is not entitled to dower in lands acquired by her husband subsequent to the termination of the marriage relation by divorce granted to husband.

2. Under the laws of this state full faith and credit are given to a divorce decree of another state, and a transcript of such decree is admissible in evidence as proof of its rendition.

(Decided June 4, 1919.)

ERROR: Court of Appeals for Clermont county.

*Mr. H. S. Stevenson,* for plaintiff in error.
*Mr. H. E. Engelhardt,* for defendants in error.

HAMILTON, J.    Plaintiff claims dower as the widow of Chauncey P. Spaulding in certain real estate described in the petition.

The record discloses the following facts: In 1867 plaintiff intermarried with Chauncey P. Spaulding, and they lived together as husband and wife until about October 1, 1900, when they separated, the husband going to Indiana. The cause of the separation is not shown. The husband, prior to the separation, had gone to Indiana on business trips at different times, but had returned after short absences. He did not return to his wife after the separation in October, 1900. November 16, 1901, the husband was granted a divorce from plaintiff by the court of Madison county, Indiana. Service was made by publication. There was no personal service on the wife.

The wife claims to have had no notice of the pendency of the suit for divorce. She admits she received a paper from Indiana October 16 or 17, 1901, stating a divorce had been granted Chauncey P. Spaulding. Since the divorce was not granted until November 16, 1901, the notice she received must have been the notice of the pendency of the suit, although this is not material to the determination of the question involved. At the time of the granting of the divorce, the husband was not seized of the real estate in question, but procured the title thereto several years after. The said Chauncey P. Spaulding died March 21, 1918, and plaintiff claims to be endowed of the lands in question as his widow.

Under the law applicable to the case, it is clear that the Indiana decree could not affect the rights of the wife as to her dower rights in lands acquired during coverture, or held by Chauncey P. Spaulding at the time of the granting of the decree for divorce. *Mansfield* v. *McIntyre et al.,* 10 Ohio 28, and *Doerr* v. *Forsythe, Admx.,* 50 Ohio St., 726. The divorce severed the marriage relation of the parties and is valid, excepting as to questions of alimony and dower in lands acquired during coverture or held at the time the decree for divorce was entered. *Mansfield* v. *McIntyre, supra,* and *Cox* v. *Cox,* 19 Ohio St., 502.

The question for determination therefore is: Is plaintiff entitled to dower in real estate *acquired after the entry of the divorce decree?*

In the case of *Nichols* v. *Park,* 79 N. Y. Supp., 547, 549, the court say: "With respect to land or an interest in land acquired by the husband sub-

sequent to the divorce granted * * * terminating the marriage relation, no dower right could attach." Citing *In re Ensign's Estate,* 103 N. Y., 284, and *Kade* v. *Lauber,* 16 Abb. Prac., N. S., 288.

In the case of *Kirkpatrick* v. *Kirkpatrick,* 197 Ill., 144, 152, the wife procured a divorce for the aggressions of the husband, and no order was made affecting the dower of the wife. In that case the court held that the wife was entitled after the death of the divorced husband to dower in any land of which he was seized at the time of the entry of the decree of divorce.

A wife can have no dower in lands acquired by her husband subsequent to the termination of the marriage relation by divorce. 14 Cyc., 935.

Under the provisions of Section 11991, General Code, it is provided that where a divorce is procured by the wife for the aggressions of the husband, she shall be entitled to her right of dower in his real estate not allowed her as alimony, of which he was seized during coverture. It is therefore the law that plaintiff can have no dower in the real estate in question, the same having been acquired subsequent to the Indiana divorce severing the marriage relation.

Objection was made to the introduction in the trial of this case of the transcript of the decree of divorce granted by the Indiana court, counsel for plaintiff urging that the transcript of the decree of divorce was not admissible under the full faith and credit provisions of the constitution, citing as authority the case of *Haddock* v. *Haddock,* 201 U. S., 562. The case of *Haddock* v. *Haddock* is au-

thority for the proposition that the state of Ohio is not bound to give full faith and credit to the decision of the court of Indiana under the circumstances in question. Under the law of Ohio, this state does give faith and credit to such decisions to the extent of recognizing the validity of the divorce, even though it may not be forced to do so under the constitution.

The judgment will be affirmed.

*Judgment affirmed.*

SHOHL, P. J., and CUSHING, J., concur.