### SAYLES *v.* BEST *et al.*

*(Supreme Court, General Term, Third Department.   November 22, 1892.)*

1. CONVERSION—POWER OF SALE IN WILL.
   A devise to executors in trust, to sell at such time and on such terms as they should think best, and to divide the proceeds equally among testator's heirs, gives the beneficiaries under the will no title to the land, and a judgment against one of them, rendered before sale, creates no lien thereon.

2. SUPPLEMENTARY PROCEEDINGS—NOTICE TO DEBTOR.
   Where no personal service is made on the judgment debtor in supplementary proceedings, an order appointing a receiver therein is void.

Appeal from special term, Saratoga county.

Action by Moses T. Sayles against Tristram C. Best and others, executors of the will of Peter K. Best, deceased, to subject the interest of one of his heirs to the payment of a judgment. From a judgment rendered in favor of defendants, plaintiff appeals. Affirmed.

The following are the material portions of said will, viz.: "*First.* I give and bequeath to my wife, Jane E. Best, my homestead farm, where I now reside, during the term of her natural life, to be accepted and received by her in lieu of all her dower, and after her decease I hereby give my executors, hereinafter named, said farm in trust, with power to sell and dispose of the same, at public or private sale, at such time or times, and upon such terms and in such manner, as to them shall seem meet and to the best interest of my estate, and that the proceeds therefrom shall be equally divided, and given to my legal heirs, share and share alike. *Secondly.* The farm upon which my son Jacob now resides I hereby order, direct, and give power to my executors to rent, from time to time or from year to year, and to keep the same in proper repair, and the surplus that may arise from the said rent may be used as my executors think best until my youngest child who shall live to arrive at the age of twenty-one years shall arrive at that age. I then give said farm in trust to my executors, with power to sell and dispose of the same at public or private sale, at such time or times, and upon such terms and in such manner, as to them shall seem meet, and that the proceeds therefrom shall be equally divided, and given to my legal heirs, share and share alike: provided, however, that in case my youngest children, Lydia M. and William M., shall die before the time of sale above provided for, then such power of sale shall be executed immediately upon the death of both of said children last mentioned."

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*E. F. Bullard,* for appellant. *Charles S. Lester,* for respondents.

HERRICK, J. Alfred Best, it seems to me, took no title to the real estate. Whatever interest he had in his father's estate was as a legatee under his father's will, and by that he was given no interest in the real estate; only in its proceeds. He could not take any interest in it until it was sold, and then he took it as personal property. It is true, probably, that within the case of *Underwood* v. *Curtis,* 127 N. Y. 523–533, 28 N. E. Rep. 585, the real property did not actually become converted into personalty until it was sold; but he could not take his portion until it was sold. A portion of it the widow of the testator had the use of during her lifetime. The balance the executors were to take charge of, and receive the rents and profits therefrom. The whole will shows a plain intention on the part of the testator that no part of his real estate should go to his children as such. It is carefully kept out of their possession or control, and specific directions given for the distribution of the proceeds of the sale thereof among them. If Alfred did not take as heir, and had no title to the real estate as such, then a judgment against him would not be a lien thereon. But if we assume that the title to the real estate vested in the heirs, still that title was subject to the power of sale, and was divested by its execution. 1 Rev. St. 735, § 107, (Birdseye, St. p. 2291, § 85;) *Blanchard* v. *Blanchard,* 4 Hun, 287; *Hetzell* v. *Barber,* 6 Hun, 534; *Germond* v. *Jones,* 2 Hill, 569. No personal service in the supplementary proceedings having been made upon Alfred Best, the judgment debtor, the order appointing a receiver was void. *Ashley* v. *Turner,* 22 Hun, 226; *People* v. *Warner,* (Sup.) 3 N. Y. Supp. 768.

The judgment should be affirmed, with costs. All concur.