## Hetty Vail Brown et al. v. William Castle, administrator, etc.

### Gen. No. 11,552.

1. BEQUEST—*when, not liable for debts of deceased beneficiary.* Where during life a beneficiary was entitled to the income from a portion of an ancestor's estate, but had no interest in the *corpus* thereof, her debts and funeral expenses can not be charged against such *corpus.*

2. FUNERAL EXPENSES—*when will does not provide for payment of the, of a beneficiary.* In the absence of an express provision, a will will not be construed as authorizing or directing the payment of the funeral expenses of a daughter of the testator who during life enjoyed under such will an income from a portion of the *corpus* of the estate of such testator.

Bill in chancery to compel payment of debts, etc. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded with directions. Opinion filed March 7, 1905.

**Statement by the Court.** Appellee as administrator of the estate of his wife, Hetty Matilda Castle, deceased, filed a bill in chancery to compel appellants to pay the debts and funeral expenses of said deceased. The will of Henry Warren, father of the deceased Hetty Matilda Castle, contained the provision, that "all the rest, residue and remainder of my estate, both real and personal, belonging to me at the time of my death, I will and bequeath to Charles J. Magill, as executor of this will, and as trustee for my three children, Mary Ann Wentworth, Hettie Matilda Castle and Harry Warren or their heirs at law." The trustee or his successor in trust was directed to divide the proceeds of such residue "into three equal parts or thirds" and to pay one part to the testator's daughter, Mary Ann Wentworth. The remaining two-thirds it was directed "shall remain in the hands of said trustee or his successor in trust for the sole use and benefit of my two children, Hetty Matilda Castle and Harry Warren." The will further provides as follows: "I direct that after paying the legiti-

Brown v. Castle.

mate expenses of handling and managing said trust property, that he (the trustee) shall semi-annually on the first day of January and July of each year, pay to my two children, Hetty Matilda Castle and Harry Warren, the equal one-half of the profits, interest and income of the said trust property, so held for them, and in case that any of said three children last above mentioned shall depart this life during the existence of the said trust aforesaid, I direct that the share of my estate belonging to each deceased child shall go to and belong to their heirs and legal representatives of each deceased child forever. The said trust shall continue and be in force for the term of fifteen years after my death, when the trustee holding said property shall make an equal division of the said two-thirds of said property between said Hetty Matilda Castle and Harry Warren, or their heirs at law, by proper conveyances, and thereupon the said trust shall cease; but this legacy to Hetty Matilda Castle is made with condition, that in case she should die during the term of this trust, in that case I will and direct that her one share of said trust property shall revert to, and become the property of my grandchild, Hetty Vail Wentworth, and her heirs absolutely, forever."

Hetty Matilda Castle died before the expiration of the term of the trust.

The bill was demurred to by the trustee and by Hetty Vail Brown (formerly Hetty Vail Wentworth) who is made a defendant, and who filed a general and special demurrer. The demurrers were overruled by the Circuit Court and a decree entered finding the portion of the estate held in trust for the benefit of Hetty Matilda Castle chargeable with the debts of her last illness and funeral expenses.

LYNDEN EVANS and GEORGE C. OTTO, for appellants.

McDANNOLD, SULLIVAN & JARRETT, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This decree cannot be sustained. The portion of her father's estate left for the benefit of Hetty Matilda Castle

never became her absolute property. The will provided that she should receive the income from it, but the principal was to be given to her only upon an express condition that she should outlive the term of the trust. Failing that condition and upon her death the share of the estate to which she would otherwise have become entitled reverted to and became "absolutely" the property of Hetty Vail Wentworth (now Brown) free from condition or charge of any sort on account of Mrs. Castle. We can discover in the will no ground or excuse whatever for charging that share with debts or expenses incurred by or for the deceased, Hetty Matilda Castle.

The contention of appellee's counsel is that there was an intention on the part of the testator, Henry Warren, to provide for the payment of the expenses of the last illness and funeral of his said daughter should she die before the expiration of the trust. This contention seems to be based upon the fact that by a codicil to his will the testator, Henry Warren, provided that upon the death of his son Harry Warren, brother of Hetty Matilda Castle, the son's share of the trust estate should revert to a grandson of the testator, "after the payment of the necessary expenses of his sickness and his funeral expenses." The argument is that the testator ought to have intended to make the same provision for his said daughter, that hence he did so intend, and hence such presumed intention should be given effect, although no such intention is indicated by any language of the will. It is undoubtedly true that "where from the language used in the will itself the intent of the testator can be clearly conceived and is not contrary to some positive rule of law, it must prevail." Olcott v. Tope, 213 Ill. 124–128, and cases there cited. But the doctrine here sought to be applied is at least novel. The provision of the statute to the effect that the power of an executor before probate of a will shall extend to payment of necessary funeral charges out of the estate of the deceased (R. S., chap. 3, sec. 4,) can scarcely be seriously supposed to authorize an appropriation of property not belonging to the estate for such purpose.

Potomac Ins. Co. v. Atwood.

The decree of the Circuit Court is reversed and the cause will be remanded to that court with directions to dismiss the bill.

*Reversed and remanded with directions.*