## Cruse, et al. v. Cruse, et al.

(Decided March 5, 1912.)

### Appeal from Daviess Circuit Court.

1. Wills—Construction of.—Where the testator gave his estate to his widow for life, and at her death to his two sons and two grandsons in equal portions, the remaindermen each took a vested estate, and upon the death; before the widow, of one of the grandchildren, his parents were entitled to his share under the statute of descent and distribution.

2. Payment of Debts Due by Life Tenant.—Debts contracted by the life tenant, a widow, as well as her funeral expenses should be paid out of her individual estate and are not chargeable against the estate of her husband.

R. E. WATKINS for appellants.

J. B. KARR for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This suit was brought to obtain a construction of the will of James Cruse, as well as to have it determined whether certain debts due by his widow at the time of her death should be paid out of the estate owned by her.

In the second clause of his will, he gave to his wife—

"Mildred D. Cruse, during her life, all of my estate in possession, remainder or reversion, real, personal and mixed, of every kind, and description whatever and wherever situated."

In the third clause he provided that—

"At the death of my wife Mildred, all of my estate, real, personal and mixed, in possession, reversion or remainder, shall be divided into four parts or shares, of which my son, Samuel D. Cruse, shall receive one share, my son, Major Thomas Cruse, shall receive one share, my grandson, Frederick T. Cruse, one share and my grandson, James T. Cruse, one share. If after my death, my widow shall consent thereto, my sons, Samuel D. Cruse and Thomas Cruse, may divide the whole or any part of my estate into four equal shares or parts as above specified, and each of said devisees receive his said share."

In another clause he provided that in the event of the death of his son, Samuel before his death, or before the division of his estate as provided in the third clause of the will, without children, then the share or part devised to him should pass equally to his sons or the survivors. A similar provision was made with reference to his son Thomas Cruse.

The grandson, James T. Cruse, died intestate and without issue in 1907, and the widow died in 1911. It is very clear that under the will, the grandchildren took a vested estate in remainder, subject to the life estate of the widow; and, upon the death of James T. Cruse, his parents inherited under the statute of descent and distribution his interest, and the lower court so decided.

At the time of her death, the widow owed a doctor's bill of $53 for attention to her during her last illness, a druggist's account for medicine of $3.35, and a nurse $70. Her burial expenses amounting to some $60 are also unpaid. At the time of her death, Mrs. Cruse owned in her own right ample estate to pay these debts,

but the lower court directed that they be paid out of the estate left by her husband. As, under the law Mrs. Cruse only took a life interest in the estate of her husband, these debts should have been paid out of her estate.

Wherefore, the judgment is reversed with directions to enter a judgment in conformity with this opinion.