(79 Misc. Rep. 661.)

## In re VAN DE WALKER'S ESTATE.

(Surrogate's Court, Oneida County.  March, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 400*)—SALE OF PROPERTY—DISTRIBU-
TION OF PROCEEDS—ACCOUNT.

Where a will provided that certain sums should be paid to certain
beneficiaries, and that the executors should sell testator's property, if
necessary, to carry out the provisions of the will, it was the duty of the
representative of the estate, after a sale of the real estate, to bring the
proceeds intact into court, and, after citing the legatees, next of kin,
and creditors of testator, if any, to distribute such proceeds in accord-
ance with the surrogate's decree, pursuant to the directions of the tes-
tator; and hence his account should be surcharged with the voluntary
payment made by him on a judgment obtained against one legatee.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. § 1606; Dec. Dig. § 400.*]

2. JUDGMENT (§ 780*)—LIEN—BEQUEST.

Where a judgment debtor was bequeathed a certain sum, to be paid
out of the proceeds of the sale of testator's real estate, the judgment was
not a lien on such real estate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1341, 1343–
1349; Dec. Dig. § 780.*]

3. WILLS (§ 693*)—CONSTRUCTION—LIFE ESTATE—POWER OF SALE—BURIAL
EXPENSES.

Where a husband died knowingly leaving an indigent widow, and by
his will gave her the life use of all his property, with the right to as
much of the principal as should be necessary for her maintenance, it was
his intention that her burial expenses should be paid out of his estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1655–1661; Dec.
Dig. § 693.*]

4. EXECUTORS AND ADMINISTRATORS (§ 131*)—REAL PROPERTY—RENTS.

Under a will vesting the title to testator's real estate in certain residu-
ary legatees at testator's death, subject to its use by the widow during
her life, and to their title being defeated by the exercise of a power of
sale given by the will, the representative of the estate acquired no juris-
diction over the real estate beyond a naked power of sale, and had no
power to collect rents after the death of the life tenant and before the
sale of the realty; such right belonging to such legatees, subject to be-
ing defeated by the exercise of the power of sale.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 541–544; Dec. Dig. § 131.*]

5. EXECUTORS AND ADMINISTRATORS (§ 429*)—ACTIONS AGAINST—JURISDICTION
—RENTS.

Where an executor or administrator wrongfully collects rents on prop-
erty which under testator's will passes to devisees, the remedy of the per-
sons entitled to such rents is by an action at law, and the surrogate has
no jurisdiction to determine controversies arising from such matters.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1677, 1678; Dec. Dig. § 429.*]

Proceeding upon the judicial settlement of the account of John B
Van De Walker, as administrator with the will annexed of the estate
of Lewis B. Van De Walker, deceased.  Decree entered, passing the
account as modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

E. & F. E. Lewis, of Utica, for administrator with will annexed, accounting party.

Henry F. & James Coupe, of Utica, for James F. Van De Walker and Ada Morgan.

SEXTON, S. On July 9, 1912, John B. Van De Walker, as administrator with the will annexed, accounted in this court for $3,800, the proceeds of certain real estate which he sold under a power of sale contained in the will of the deceased. The following items in the account were objected to by the legatees, Ada Morgan (formerly Ada Van De Walker) and James F. Van De Walker:

(1) "Paid Harriet C. Jones, to satisfy a judgment held by her against Ada Morgan, a daughter of decedent, and devisee and legatee named in his will, to clear the title of the premises sold by me, owned by decedent at the time of his death, $513.52."

(2) "J. B. Wiggins, funeral charges for burial of Maria Van De Walker, widow of decedent, $150.00."

(3) "Rents received by me from said estate, $90.73."

The will gave the widow the life use of the real estate and personal property, with the right to use it all for her support, and further provided:

"At the death of my wife I give and bequeath what is left of my said property as follows, viz.:

"$1,000, to my daughter Hattie Jones.

"$1,000, to my daughter Ada Van De Walker [now Ada Morgan].

"$1,000, to my son, John B. Van De Walker.

"The rest and residue I give and devise to my son James F. Van De Walker and to my daughter Mary Ferris, share and share alike."

Two executors were appointed, and empowered "to sell my real estate if necessary to carry out the provisions of my will." This is an accounting after the death of the life tenant.

[1] The first objection deals with a judgment in favor of the legatee Hattie C. Jones against the legatee Ada Van De Walker (now Ada Morgan), which judgment was on July 3, 1911, paid by the administrator to said Jones, without the consent of said Morgan, upon the sole theory that said Morgan was a devisee under the will, and that the judgment was a lien upon her interest in the real estate; hence good title could not be given to the purchaser without the payment of said judgment. So far as the record shows, the payment of the judgment was a voluntary act upon the part of the administrator, as no proceedings of any kind had been taken to force payment or collect the judgment, or restrain the representative from paying the amount of the legacy to the legatee Ada Morgan. There being no personal property, a sale of the real estate was necessary to create a fund out of which the legacies could be paid.

[2] It is probably true that within the case of Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585, the real property did not actually become converted into personalty until it was sold, and there was no way that the legatee Morgan could get her share until the property was sold. It is clear that Ada Van De Walker (now Ada Morgan) did not take any of the real estate as heir, and has no title to it as such; hence a judgment against her would not be a lien thereon. Sayles v. Best, 20

N. Y. Supp. 951.[1]  Suppose the title to the real estate vested in the heirs, of whom Ada Morgan was one, still that title was subject to the power of sale, and was divested by its execution.  Blanchard v. Blanchard, 4 Hun, 289; Hetzell v. Barber, 6 Hun, 534; Germond v. Jones, 2 Hill, 569.

There was no occasion for any sale, except for the payment of legacies, and to the extent of the legacies, the power of sale having been exercised, the land was legally converted into personalty.  Matter of Weinstein, 43 Misc. Rep. 577, 89 N. Y. Supp. 535.  It is the duty of the representative of the estate to pay out the proceeds of the sale of the real property, pursuant to the directions and wishes of the testator, as set forth in his will.  Matter of Barandon, 41 Misc. Rep. 380, 84 N. Y. Supp. 937.

In this case the representative owed no active duty to the judgment creditor of Ada Morgan, beyond that involved in the faithful administration of his trust.  There is no law which authorized or empowered him to pay the judgment in question out of the moneys in his hands. His duty was to bring the fund intact into court, and, after citing the legatees, next of kin, and creditors of the testator, if any, distribute it in accordance with the surrogate's decree.

Section 2472a of the Code, to which my attention is called, has no application.  The debt there referred to, which may be set off against a legacy, is a debt in favor of the estate against a legatee, and not a debt or judgment in favor of one legatee against another legatee.  It was the duty of said judgment creditor of Ada Morgan to take such proceedings as might be necessary to establish her lien, or protect her rights.  A receiver in supplementary proceedings is one of the remedies which suggests itself.  The administrator not having been restrained in any way, it was his duty to pay the legacy as directed by the will to Ada Morgan, or to bring the fund into court to be distributed as provided by the surrogate's decree.

His contention that it was necessary for him to pay said judgment in order to give good title to the real estate sold under the power of sale in the will is not tenable, and his account is hereby surcharged with $513.52, the amount paid by him, with interest thereon from July 3, 1911, the date of said payment.  Sayles v. Best, 140 N. Y. 368, 35 N. E. 636.

[3] The second objection deals with the expenses incurred in the burial of the widow of the decedent, which was paid out of his estate. Had the husband been living at the time of her death, he would have been bound in law to provide a funeral for her at a reasonable expense (Patterson v. Patterson, 59 N. Y. 583, 17 Am. Rep. 384); and if she left a sufficient estate he would have been entitled to reimbursement out of that estate (McCue v. Garvey, 14 Hun, 562; Matter of Very, 24 Misc. Rep. 139, 53 N. Y. Supp. 389; Matter of Pearce, 53 Misc. Rep. 216, 104 N. Y. Supp. 469).

The law requires the burial of the dead, and that duty falls upon the husband or wife or other relative of the decedent, or may rest up-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 628.

on a stranger under whose roof the death occurred. Matter of Beek-man Street, 4 Bradf. Sur. 503; Snyder v. Snyder, 60 How. Prac. 368. The account filed shows a balance of $2,130.82, subject to commis-sions and expenses of accounting. It does not appear that the widow left any estate. No statutory duty is imposed upon children as regards the burial of parents. The legal, though unnatural, objection herein by two of the children is based on the claim that the will does not provide for the burial expenses of the widow.

The testator made his will December 26, 1885, and died March 19, 1886, and letters testamentary were issued May 17, 1886, to the widow and Thomas E. Waters. The testator lived less than a year after his will was made. He knew his wife's financial condition. She was trusted by him, as he made her one of his executors. He intended that the companion of his bosom, and the one who had helped to tote the weary load of life in double harness, should not want; for he provided that she might use their entire joint accumulations, if necessary, "for her support." Frugal, she transmitted the corpus of the estate, about $3,000, to children, two of whom have such a monetary thirst that they ask this court to direct that the administrator, etc., also a son and legatee, bear the expense of his mother's burial, personally, as will be the case if this item of his account is not allowed. In the absence of proof, on what theory should one son bear this burden personally, and another son and daughter escape? At times it is mighty hard to follow the antics of the intellect when on a dollar scent. If the will restricted the widow to the net income, I would feel constrained to hold that the representative was without authority to bury her out of the corpus of the estate. In Zapp v. Miller, 3 Dem. Sur. 266, the headnote reads:

"Where a will gave to testator's widow the income of all of his estate, 'after deducting taxes, assessments, interests on mortgages, if any, and other charges and expenses, for and during her natural life,' held, under the doctrine of ejusdem generis, that disbursements for funeral expenses, transportation of decedent's remains, and services of his attending physician were chargeable to the corpus of the estate, and not to income."

The account filed, and as modified by this decision, shows an estate of $2,644.34, subject to commissions and expense of this accounting. If the testator realized that some of the contents of his gall bag had dripped into any of his descendants, he probably would have left less crystallized sweat to them to quarrel over, and would have taken care of the future burial of his wife in specific terms, rather than to chance it to strangers, or to charity, as two of his children wish, but not as all of them wish, be it said to their credit, though the latter, likely, would spurn praise for the performance of so sacred a duty. The position, too often taken by children, in regard to wills of parents, almost persuades men to bachelorhood.

I find no law that covers the question here involved, and think that some ought to be made. I therefore hold and decide that where a husband dies, knowingly leaving an indigent widow, and a will by the provisions of which he gives the life use of all of his property to the widow and provides:

"If at any time the income of same is insufficient for her support, then she is to have as much of the principal, each year, as is necessary for her maintenance, including the income, as aforesaid"

—it was his intention that her reasonable burial expenses should be paid by his representative out of his estate, and the administrator herein is credited with the amount of the same.

Children are occasionally found whose sense of parental duty is consumed in the burning fire of avarice; but courts are rarely so constituted as to countenance the burial at public expense of the penniless widow of a testator who left abundant means for her interment.

[4] Objection is also made to an item in the account of $90.73, representing rents collected by the administrator after the death of the life tenant and before the sale of the real estate. The will contains this provision:

"The rest, and residue I give and devise to my son, James F. Van De Walker, and to my daughter, Mary Ferris, share and share alike."

Hence Van De Walker and Ferris became devisees of the real estate of the testator upon the death of the life tenant. Title to this real estate vested in said residuary legatees as of the date of the death of the testator, subject to its use by the widow as provided by the will, and subject to their title being defeated by the exercise on the part of the executors of the power of sale given to them by the will. The executors acquired no power or jurisdiction over the real estate by the provisions of the will beyond the naked power of sale, and this administrator cum testamento annexo had no right to collect the rents, as that right, with the rents, belonged to said devisees, subject to being defeated by the exercise of the power of sale.

[5] "Property that descends to heirs of an intestate, or passes under the will of a testator to devisees, does not go to executors or administrators, and if they assume possession of it, and collect the rents, the remedy of the persons entitled to it is by a proper action at law. A surrogate has no jurisdiction to determine controversies arising from such matters. His power to control the conduct of executors and administrators is limited to property of which they have the right of possession." Matter of Kane, 38 Misc. Rep. 276, 77 N. Y. Supp. 874, and cases cited. "A Surrogate's Court has no jurisdiction over realty left by a decedent, or its avails, unless brought within it by a will, or by a statute for the purpose of being dealt with for some special purpose, like the payment of debts in case the personalty is inadequate." Matter of Sergant, 62 Misc. Rep. 173, 116 N. Y. Supp. 273; Sweeney v. Warren, 127 N. Y. 426, 28 N. E. 413, 24 Am. St. Rep. 468.

The surrogate, being without jurisdiction, has no power to allow or disallow the rent item objected to; hence can only order the same stricken from the account. Matter of Spears, 89 Hun, 49, 35 N. Y. Supp. 35; Matter of Place, 1 Redf. Sur. 276.

Decree may be entered passing the account as modified.

Decreed accordingly.