Matter of the Petition of LILLIAN S. BARNES to Compel IRVING G. BARNES to Render and Settle His Account as Executor of MARIA C. BARNES, Deceased.

(Surrogate's Court, Kings County, February, 1920.)

Accounting — who entitled to — who is a person interested in estate of decedent — executors and administrators — wills — equitable conversion — devise — dower — Code Civ. Pro. § 2768(11).

> Where a testator's intentions can be carried out although no equitable conversion of his real estate is adjudged, and neither by his will giving the executors a discretionary power of sale, nor by the situation of the estate, does there appear to be any necessity for such a sale, it must be held that no equitable conversion of real estate devised by the residuary provisions of the will was effected.
>
> The proceeds of any sale under the power are to be paid to the same persons to whom the real estate was devised, and one who by reason of her inchoate right of dower in her husband's share of any part of the proceeds of a sale, is a person interested in the estate of the decedent under section 2768(11) of the Code of Civil Procedure, is entitled to an accounting from the executor with respect to such proceeds.

PROCEEDING upon the settlement of the accounts of an executor.

Atwater & Cruikshank, for petitioner.

Fuller & Hubbard, for executor.

WINGATE, S.   The power or authority to sell given to the executor is purely discretionary. There is no direction in the will that the real property comprised in the residuary estate be sold; there is no direction to divide, nor is there by the terms of the will any duty to sell imposed upon the executor. It does not appear that the personal estate of the testator was insuffi-

Surrogate's Court, Kings County, February, 1920. [Vol. 110.

cient to pay his debts and administrative expenses. Neither by the will nor by the situation of the estate does there appear to be any necessity for a sale of the real estate; and the intentions of the testator, as expressed in his will, can be carried out, although no equitable conversion is adjudged. It must, therefore, be held that no equitable conversion of the real property devised under the residuary provisions was effected by the will. *Scholle* v. *Scholle,* 113 N. Y. 261.

The will gives each of the testator's four children a one-fourth vested interest in the real property comprised in the residuary estate. These interests vested upon the death of the testator, and the real property passed to the devisees without the intervention of the executor in any way. The executor has no title to this real estate and no interest of any kind therein, except that he has a power of sale with respect thereto. This power of sale is wholly discretionary, and the proceeds of any sale under the power are to be paid to the same persons to whom the real property is devised. That is the plain meaning of the words "and apply the proceeds thereof as directed in and by my last will and testament." *Clements* v. *Babcock,* 26 Misc. Rep. 90.

The exercise of the power in the sale of the premises 45 Rockwell place was for the sole benefit of the devisees. The one-fourth of the real property comprised in the residuary estate, including the premises No. 45 Rockwell place, which vested in Herbert C. Barnes, became immediately charged with the inchoate right of dower of his wife, Lillian S. Barnes.

While, in cases where no equitable conversion arises out of a direction in the will or the necessity of the estate, an equitable conversion may result, in certain cases, by reason of an actual sale under a purely discretionary power, in so far

as the conflicting claims to distribution by the heirs or next of kin of a deceased devisee are concerned, still as between the devisee and his wife under the circumstances of this case, it must be held that the proceeds of the sale of the Rockwell place premises retain the character of real estate. In the portion of these proceeds belonging to Herbert C. Barnes, his wife, Lillian S. Barnes, is entitled to an inchoate right of dower. See, generally, *Scholle* v. *Scholle, supra; Matter of Tatum,* 169 N. Y. 514; *Matter of McComb,* 117 id. 378; *Phœnix* v. *Trustees of Columbia College,* 87 App. Div. 438; affd., 179 N. Y. 592; *Harris* v. *Achilles,* 129 App. Div. 847; *Parker* v. *Linden,* 113 N. Y. 28; *Matter of Bingham,* 127 id. 296, 314; *Matter of Wangner,* 74 Hun, 352; *Matter of Weinstein,* 43 Misc. Rep. 577; *Matter of Timpson,* 15 Abb. Pr. (N. S.) 280.

Dower " is a legal, an equitable, and a moral right, favored in a high degree by law, and next to life and liberty held sacred. But dower exists also for reasons of public policy, not dependent entirely upon the maintenance and nurture of the widow and her children; it is recognized in this country as a positive and definite institution of the state " (14 Cyc. 885), citing many authorities, including the language of Thomas Coke: " It is a maxim that three things be favored in law: life, liberty and dower." And it is with this thought of the jealousy of the law for the preservation of dower that the consideration of the question at issue in the case at bar must be approached. Careful examination of the authorities cited by the respondent and an exhaustive study of the text books and cases generally discussing the matter here in controversy confirms the result reached, although no case involving the precise facts disclosed on this record has been found.

Surrogate's Court, New York County, February, 1920. [Vol. 110.

The attorney for the executor states in his brief that the premises in question were sold in October, 1917, for approximately $9,000, and. the proceeds distributed "among the four beneficiaries entitled thereto."

Lillian S. Barnes, by reason of her inchoate right of dower in her husband's share of the proceeds of the sale of the Rockwell place premises, is a person interested in the estate of the decedent (Code Civ. Pro. § 2768, subd. 11), and is, therefore, entitled to an accounting from the executor with respect to such proceeds.

Decreed accordingly.