In the Matter of the Judicial Settlement of the Estate of JAMES MONTGOMERY, Deceased.

Surrogate's Court, Monroe County, March 4, 1927.

**Executors and administrators — funeral expenses — will directed trustee to pay income to beneficiary and so much of corpus of trust as may be necessary for her support and comfort — trustee entitled to have credit for amount of funeral expenses incurred at beneficiary's funeral, though will contained no express direction for its payment.**

A trustee under a will by which he is directed to pay over to the beneficiary all the income and so much of the corpus as the trustee might from time to time deem necessary for the support, maintenance and comfort of beneficiary during her lifetime, should have credit for the amount of the funeral bill arising on said beneficiary's death, she having died without property of her own, though the will recites no express direction as to funeral expenses. Where a testator goes beyond mere income for support and shows a desire to have even the principal itself consumed in order to maintain his bounty, he is deemed to have intended that such beneficiary should not only have every ordinary incident of the comfortable station in life which his liberality was maintaining, but to have further intended not to bring the scene to a disgraceful closing by abandoning the body at death to be buried as a pauper.

PROCEEDING involving propriety of trustee paying funeral expenses of beneficiary of testamentary trust.

*George Burns,* for the trustee.

*H. O. Poole,* special guardian.

FEELY, S. For the second time in a year, the question has arisen as to the propriety of a trustee paying the funeral expenses of the beneficiary of a testamentary trust, under which the trustee was to pay over to the beneficiary all the income, and so much of the corpus as the trustee might from time to time deem necessary, for the support, maintenance and comfort of the beneficiary, during the latter's life, without any express direction to the trustee as to such funeral expenses.

Here the special guardian for remaindermen, in a substantially similar trust, wherein the life beneficiary was the only daughter of the testator, admitting, for the sake of distinguishing, that had this beneficiary been the wife, there could be little doubt of the trustee being entitled to such credit, urges that a surviving daughter, as such beneficiary, does not have the same right to burial at the expense of her deceased father's estate, that a widow beneficiary would have with regard to her deceased husband's estate, under a like trust. (*Matter of Van De Walker,* 79 Misc. 661, 664.)

The objection to the daughter's funeral expenses is based upon

analogy to the rule that where a mere life tenant of the use of a fund dies, the principal fund is not chargeable with his funeral expenses. (*Brown* v. *Castle*, 118 Ill. App. 346; *Cruse* v. *Cruse*, 147 Ky. 313.), In the former case the court notes that there the life tenant, a daughter, had no rights in the corpus. This is a distinguishing feature; for where a testator goes beyond mere income for support and shows a desire to have even the principal itself consumed in order to maintain the object of his bounty, not only in necessaries, but also in comfort, he is understood to have intended that such beneficiary should have every ordinary incident of the comfortable station or condition in life which his liberality was maintaining, and to have further intended not to bring the scene to a disgraceful close by stopping short at death and abandoning the body of the beneficiary to be buried, perhaps, as a pauper.

The case in hand is not as complicated as it might be, if such beneficiary had left an estate of her own, aside from her rights under the trust. (See *Matter of Hogeboom*, 219 App. Div. 131; *Cruse Case, supra*.)

The account shows the trustee in seventeen years paid over to the beneficiary about $9,750 of income and $4,260 of principal, and has about $9,000 now on hand for distribution. The funeral bill is $550.

Let the decree provide that the trustee have credit for the amount of said funeral bill, on filing vouchers for the payment of the same; and for the allowances to the counsel and to the special guardian, in the amounts fixed upon the submission.