ALICE M. BAKER, as Executrix, etc., Plaintiff, *v.* LEONARD J. STRÚCK and Others, Defendants.

Supreme Court, Monroe County, July 12, 1927.

**Executors and administrators — powers of executrix — executrix has capacity to sue for specific performance of contract by testator to purchase real property — those entitled to take under will should be made parties.**

An action may be maintained by an executrix for the specific performance of a contract to purchase land, made by her decedent, and she may take a conveyance for the benefit of those entitled to the property under the will.

In such an action, the parties entitled to the property, under the will, should be made parties, so that all those interested in the property may be before the court.

MOTION to dismiss complaint for insufficiency and plaintiff's want of capacity to sue.

*Hubbell, Taylor, Goodwin & Moser,* for the plaintiff.

*Lynn Brothers,* for the defendants, for motion.

RODENBECK, J.   The plaintiff's testator died, having made a contract for the purchase of real property, and this action has been brought for the specific performance of the contract.   It was the duty of the executrix under this situation to make the payments under the contract, even though the benefit accrued to her individually under the will.   These payments of course would be made out of the personal estate and would deplete the personal estate of that extent.   Under such a contract the title remains in the vendor, in trust for the purchaser, while the equitable estate is in the vendee.   At the death of the testator his interest passed under the will to the plaintiff individually, and in equity is treated as real estate.   (*Williams* v. *Kinney,* 43 Hun, 1.)   The interest that the plaintiff individually has in the property is an equitable one, subject to a right to have the payments made under the contract so that a conveyance could be compelled.   It was the duty of the executrix, as stated, to make these payments, and, if the payments were refused, it would also be her duty to institute an action to compel the acceptance of the payments and a specific performance of the contract.   (25 R. C. L. § 143, p. 326; Surrogate's Court Act, § 246; Decedent Estate Law, § 116; Civ. Prac. Act, § 1386; *Wright* v. *Holbrook,* 32 N. Y. 587; *Chamberlain* v. *Dunlop,* 126 id. 45; *Matter of Denton* v. *Sanford,* 103 id. 607; *Matter of Davis,* 43 App. Div. 331; *Matter of McMonagle,* 139 id. 398.)   She would have authority as executrix to take the deed in trust for the benefit

of the plaintiff individually.  It is the better practice to make the persons entitled to the property parties so that all those interested may be before the court.  (*Morgan's Heirs* v. *Morgan*, 2 Wheat. 290, 298; 25 R. C. L. § 143, p. 326; *Champion* v. *Brown*, 6 Johns. Ch. 398, 410.)

The motion is denied, with ten dollars costs to abide the event. So ordered.