In the Matter of the Estate of THOMAS V. KELLEHER, Deceased.

Surrogate's Court, Bronx County, February 4, 1929.

*Platt, Field & Taylor*, for the petitioner.

*Lawrence R. Condon*, special guardian.

SCHULZ, S. This is a proceeding to sell the interest of the decedent in certain real property which he is alleged to have had at the time of his death, by reason of the fact that he was the vendee named in two contracts under which he had agreed to purchase such property. The question involved is whether or not the widow of the decedent is entitled to dower for which she may receive payment out of the proceeds of the sale of such interest.

Dower is favored in the law. (*Matter of Barnes*, 110 Misc. 569; *Konvalinka* v. *Schlegel*, 104 N. Y. 125, 129; *Byrnes* v. *Owen*, 243 id. 211.)

While the legal title to the lands remained in the vendors, the authorities appear to be uniform that the decedent was the equitable owner thereof, and that they descended as real estate, subject only to the payment of the amounts which remained unpaid under the contracts. (*Williams* v. *Haddock*, 145 N. Y. 144, 156; *Palmer* v. *Morrison*, 104 id. 132, 138; *Chamberlain* v. *Dunlop*, 126 id. 45, 52; *Abate* v. *Bianco*, 143 App. Div. 511; *Baker* v. *Struck*, 130 Misc. 62; *Matter of Davis*, 43 App. Div. 331; *Persico* v. *Guernsey*, 129 Misc. 190.)

Section 190 of the Real Property Law provides that a widow shall be endowed of the third part of all lands whereof her husband was seized *of an estate of inheritance* at any time during her marriage. The decedent had an equitable interest in the lands described in the contracts, and such an interest is included in the

term "estate of inheritance." (*Lugar* v. *Lugar*, 160 App. Div. 807; *Mullin* v. *Mullin*, 119 id. 521.) Hence it appears that she is entitled to dower under circumstances such as exist here. (1 Scribner Dower [2d ed.], 425; *Hawley* v. *James*, 5 Paige, 318, 453; *Matter of Ransom*, 17 Fed. 331, 333; *Matter of McMonagle*, 139 App. Div. 398; Surrogate's Court Act, § 246; *Matter of McKay*, 5 Misc. 123, 128.)

The fact that there were defaults in the payments, under the contracts, and that each recited that time was the essence of the contract, does not change the situation because such a default, under the provisions of each contract, only gave the vendor certain rights which it might exercise at its option, and it does not appear that they were availed of. The contracts, therefore, differed from that which was discussed in *Williams* v. *Haddock* (*supra*), which provided that the vendee's rights *ipso facto* ceased and determined absolutely upon a default. (*Matter of Boshart*, 188 App. Div. 788, 791.)

I think the pending matter can be distinguished from *Phelps* v. *Phelps* (143 N. Y. 197); *Nichols* v. *Park* (78 App. Div. 95) and *Melenky* v. *Melen* (233 N. Y. 19), which are referred to in *Gabler* v. *Gabler* (118 Misc. 534) as indicating a change in the law. In *Phelps* v. *Phelps* there was no agreement by the person having the legal title to convey to the husband. In *Melenky* v. *Melen* the agreement was oral. The husband was living and did not attempt to enforce it. The comment of Judge CARDOZO, who wrote the opinion, that "A different question would be here if the trust had been declared in writing," is significant. It does not appear to me, therefore, that these cases indicate that the law as enuniciated in the authorities heretofore cited is no longer applicable; nor does the repeal of former section 2794 necessarily indicate a change in the law. The provisions of that section merely prescribed the method of computation.

Having these views, I hold that the widow is entitled to dower. Settle order on notice accordingly.